**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| FRANK H. WILSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. Action No. 12-1605 (EGS) |
| TIMOTHY F. GEITHNER, et al. | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

Plaintiff Frank H. Wilson, proceeding *pro se*, has filed a complaint against eight Defendants: Timothy F. Geithner, the former Secretary of the Treasury; the Office of the Inspector General of the Department of the Treasury; John Boehner, Speaker of the House of Representatives; Harry Reid, the Senate Majority Leader; John Campbell, a Representative for the 48th congressional district of California in the House of Representatives; the U.S. Attorney; the U.S. Attorney General; and the U.S. Attorney for the District of Columbia. Although it is difficult to discern the precise claims in his complaint, Mr. Wilson seeks $7,000,000, plus punitive damages and injunctive relief, for events concerning the Freedman's Savings Bank and Trust Company ("Freedman's Savings Bank" or "Bank"), all of which allegedly took place in the late 1800s and early 1900s.

1

Mr. Wilson implies in his complaint that he is the heir of a depositor of the Bank and that he is owed dividends that were declared between 1873 and 1883 after the bank collapsed and its liquidated assets were held by the U.S. Treasury.  *See* Compl. ¶¶ 3-4; *id.* Ex. A (Abby L. Gilbert, *The Comptroller of Currency and the Freedman's Savings Bank*, 57 J. of Negro Hist. 2, Apr. 1972 at 132).  Plaintiff does not specify how any of the defendants are responsible for the purported losses of his ancestors.  Mr. Wilson alleges that the actions of the federal government, and presumably the federal defendants listed in his complaint, violated his constitutional and statutory rights, and purports to be bringing claims pursuant to the Due Process Clauses of the Fifth and Fourteenth Amendments; the Privileges and Immunities Clause of the Fourteenth Amendment; the Civil Rights Act of 1964, 42 U.S.C. § 2000d; and Section 1983, 42 U.S.C. § 1983.

    Pending before the Court are Motions to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6) filed by seven of the Defendants as well as several miscellaneous motions filed by Mr. Wilson.  Upon consideration of the motions, Plaintiff's oppositions and other submissions to the Court, the applicable law, and the record as a whole, the Court grants Defendants' motions to dismiss.  Additionally, because Mr. Wilson's claims are frivolous, the Court dismisses this action

against Harry Reid, the only defendant who has not responded, *sua sponte*.

**II. STANDARD OF REVIEW**

    A.   Rule 12(b)(1)

A federal district court may only hear a claim over which is has subject matter jurisdiction; therefore, a Rule 12(b)(1) motion for dismissal is a threshold challenge to a court's jurisdiction. On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the Court has jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In evaluating the motion, the Court must accept all of the factual allegations in the complaint as true and give the plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005) (internal citations omitted). However, the Court is "not required to . . . accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Cartwright Int'l Van Lines, Inc. v. Doan*, 525 F. Supp. 2d 187, 193 (D.D.C. 2007) (internal citations and quotation marks omitted).

    B.   Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In order to be viable, a complaint

must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). The plaintiff need not plead all of the elements of a prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002), nor must the plaintiff plead facts or law that match every element of a legal theory. *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000).

However, despite these liberal pleading standards, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *Twombly*, 550 U.S. at 562. A claim is facially plausible when the facts pled in the complaint allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). While this standard does not amount to a "probability requirement," it does require more than a "sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

"[W]hen ruling on a motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). The court must also give the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, a court need not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. *Id.* Further, "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" are not sufficient to state a claim. *Iqbal*, 129 S. Ct. at 1949. Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson*, 551 U.S. at 94 (internal quotation marks and citations omitted), it too "must plead 'factual matter' that permits the court to infer more than the mere possibility of misconduct.'" *Atherton*, 567 F.3d at 681-82.

**III. DISCUSSION**

    A.    <u>Standing</u>

Article III restricts the power of federal courts to the adjudication of actual "cases" and "controversies." U.S. Const. art. III, § 2; *see also Allen v. Wright*, 468 U.S. 737, 750 (1984). "In order to establish the existence of a case or

controversy within the meaning of Article III, [a] party must meet certain constitutional minima," including a "requirement that the party must demonstrate that it has standing to bring the action." *Gettman v. DEA*, 290 F.3d 430, 433 (D.C. Cir. 2002). To establish the "irreducible constitutional minimum" of standing, a plaintiff must demonstrate three things: (1) "injury in fact," which is (a) concrete and particularized, and (b) actual or imminent; (2) that there is a causal connection between the complained of conduct and the injury alleged that is fairly traceable to the defendant; and (3) that it is likely, and not merely speculative, that a favorable decision will serve to redress the injury alleged. *Lujan*, 504 U.S. at 560-61 (internal quotation marks and citations omitted). Where, as here, a plaintiff seeks prospective injunctive relief, allegations of past harm alone are insufficient. *See, e.g., Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011). Rather, a plaintiff seeking declarative or injunctive relief "must show he is suffering an ongoing injury or faces an immediate threat of injury." *Id.*

To demonstrate an injury in fact, "a prospective plaintiff must show that [he] has suffered a concrete and particularized injury in order to convince the court that [he] is sufficiently involved in the current legal dispute to have a defined and personal stake in the outcome of the litigation." *Florida*

*Audubon Soc'y v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996). The plaintiff must "show that [he] personally ha[s] been injured, not that injury has been suffered by other, unidentified members of the class to which [he] belong[s]." *Warth v. Seldin*, 422 U.S. 490, 502 (1975).

Mr. Wilson has failed to show that he has suffered the type of concrete and particularized injury sufficient to confer Article III standing. He has not alleged that he had an account at the Freedman's Savings Bank, nor could he, as the bank closed in July 1874. *See* Compl., Ex. A (Abby L. Gilbert, *The Comptroller of Currency and the Freedman's Savings Bank*, 57 J. of Negro Hist. 2, Apr. 1972 at 131). In one of his oppositions to defendants' motions to dismiss, Mr. Wilson claims that Jack Wilson and Virginia Henry are his grandparents, but provides no support for this claim except a purported Pedigree Chart prepared in November 2009 by "Lineages, Inc." *See* Compl., Ex. C. at 1. Even if the Court accepts Mr. Wilson's representation, he still cannot establish standing because according to his own evidence, his grandparents were both born after the Freedman's Savings Bank had already collapsed. *See id.* (stating that Jack Wilson was born on March 22, 1876 and Virginia Henry was born on March 1, 1887). He provides information regarding individuals with the surnames "Henry" and "Ely" who had accounts at the Bank, who were related to his grandparents, but fails to

7

establish that he is entitled to the dividend payments from their accounts if funds were available.  *See generally* Compl., Ex. C.  As far as the Court can discern, Mr. Wilson's injury is that his ancestors were harmed, which is not a cognizable injury for the purposes of Article III standing.  *See Warth*, 422 U.S. at 502.

    B.    <u>Failure to State a Claim</u>

Even if Mr. Wilson had standing, his complaint would fail because it plainly fails to state a claim.  Mr. Wilson's complaint is comprised entirely of direct quotations from the United States Constitution and various federal statutes.  He offers no factual allegations whatsoever to support his claims.  Plaintiff does not mention any defendant in the body of his complaint; they are named only in the caption.  And, he in no way links any of the quoted constitutional and statutory language to any defendant.  Moreover, Mr. Wilson does not even set forth the elements of any cause of action he seeks to assert.  The fact that the Freedman's Savings Bank collapsed in 1874, and that some people lost money as a result, does not entitle Mr. Wilson to any relief.  Because the complaint fails to provide notice of the basis of his claim or the grounds upon which it rests, Mr. Wilson has not, as a matter of law, stated a claim upon which relief can be granted.

C.  <u>Plaintiff's Miscellaneous Motions</u>

Plaintiff filed several motions for leave to file additional information during the pendency of this action, all of which contain direct quotations from the Constitution or federal statutes.  *See* ECF No. 10, Motion for Leave to File add more information; ECF No. 14, Motion for Order to add more information; and ECF No. 15, Motion for more information.  It is unclear to the Court what relief Plaintiff seeks in these motions; therefore, the Court will treat them as motions to amend his complaint.  "[T]he grant or denial of leave to amend is committed to a district court's discretion."  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  While leave to amend should be freely granted where justice so requires, *see* Fed. R. Civ. P. 15(a)(2), the Court may deny a motion for leave to amend if such amendment would be futile.  *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).  "An amended complaint would be futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss."  *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (internal citations omitted).  Mr. Wilson's amendments to his complaint are futile and would fail for the same reason that his complaint fails; therefore, his motions are denied.

**IV. CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Defendants' motions to dismiss and **DENIES** Plaintiff's motions for leave to file amendments to his complaint. An appropriate order accompanies the Memorandum Opinion.

**Signed:** **Emmet G. Sullivan**
**United States District Judge**
**September 28, 2013**